People v Kidwai (2026 NY Slip Op 00531)

People v Kidwai

2026 NY Slip Op 00531

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-07501
 (Ind. No. 72358/23)

[*1]The People of the State of New York, respondent,
vMohammed U. Kidwai, appellant. 

Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Karen M. Wilutis, J.), imposed July 18, 2024, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256). The record reflects that the County Court made its own offer of sentence to the defendant and required that the defendant waive his right to appeal, but the court did not set forth any reason for demanding an appeal waiver, and none is apparent on the record (see People v Esposito, 187 AD3d 781; People v Sutton, 184 AD3d 236, 244-245). Accordingly, the purported appeal waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Sutton, 184 AD3d at 244-245).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., GENOVESI, FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court